BEN THOMAS V. THE STATE.

No. 2493. Decided June 18, 1913.

Rehearing denied October 22, 1913.

**1.—Murder—Statement of Facts.**

Where, upon appeal from a conviction of murder with the death penalty assessed, the statement of facts was filed too late in the lower court, the same can not be considered on appeal.

**2.—Same—Murder in the Second Degree—Charge of Court—Sudden Transport of Passion.**

The use of the words "in a sudden transport of passion," in the court's charge on murder in the second degree is not reversible error. Overruling Kannamacher v. State, 51 Texas Crim. Rep., 118. Following Waters v. State, 54 Texas Crim. Rep., 322, and other cases.

**3.—Same—Charge of Court—Murder in Second Degree.**

Where the court's charge on murder in the second degree did not contain the words "unlawful" or the expression "upon malice implied or malice aforethought," but set forth all the elements of murder in the second degree in applying the law to the facts, the same was sufficient. Following Davis v. State, 57 Texas Crim. Rep., 545, and other cases, especially, in the absence of a statement of facts.

**4.—Same—Self-Defense—Charge of Court.**

In the absence of a statement of facts, where the court's charge on self-defense with reference to the relative strength of the parties may have been applicable to the evidence, there was no error.

Appeal from the District Court of Grayson. Tried below before the Hon. W. M. Peck.

Appeal from a conviction of murder in the first degree; penalty, death. The opinion states the case.

*A. S. Baskett* and *J. L. Cobb,* for appellant.—On question of using the words "transport of passion" in the court's charge on murder in

the second degree: Gaines v. State, 53 S. W. Rep., 623; Kannamacher v. State, 51 Texas Crim. Rep., 118; Clark v. State, 51 id., 519; Redman v. State, 52 id., 591.

On question of court's charge on murder in second degree upon question of unlawful killing: Smith v. State, 57 Texas Crim. Rep., 585; Best v. State, 58 id., 327; Abbatta v. State, 51 id., 510; McMillan v. State, 58 id., 525.

*C. E. Lane,* Assistant Attorney-General, for the State.—Cited cases in opinion.

DAVIDSON, Presiding Judge.—Appellant was convicted of murder in the first degree, and the death penalty assessed.

This is the second appeal. On the former appeal a judgment was reversed wherein the jury had assessed a life time imprisonment for murder in the first degree.·

This record is in such condition that under the decisions of this court the questions presented for revision can not be intelligently reviewed, for the reason that the statement of facts was filed at so late a date that same can not be considered. The court adjourned on the 4th day of January, 1913; the statement of facts was filed on the 14th day of April, same year. Under the decisions and the law as construed in many cases the statement of facts was filed too late. Without the statement of facts the questions can not be reviewed.

It is contended that the ·charge on murder in the second degree is not sufficient. After giving the usual definitions of malice, malice aforethought and implied malice, which is characterized by want of evidence to show express malice on one side and extenuation, mitigation or justification on the other, the court applies the law as follows: "If you believe from the evidence, beyond a reasonable doubt, that the defendant with a knife, which was then and there a deadly weapon or instrument reasonably calculated and likely to produce death by the mode and manner of its use in a sudden transport of passion, aroused without adequate cause, and not in defense of himself against an unlawful attack reasonably producing a rational fear or expectation of death or serious bodily injury, with the intent to kill, did cut and stab with said knife and thereby kill M. P. Crane as charged in the indictment, you will find him guilty of murder in the second degree," etc. It is urged that the expression "in a sudden transport of passion" is objectionable and required the defendant to be laboring under greater mental strain ·than authorized by the law. In the Kannamacher case, 51 Texas Crim. Rep., 124, and some other cases, this was held to be an erroneous limitation, but in Water v. State, 54 Texas Crim. Rep., 322; Puryear v. State, 56 Texas Crim. Rep., 231; Clark v. State, 51 Texas Crim. Rep., 519, and Jay v. State, 56 Texas Crim. Rep., 111, it was held not to be error.

The second objection was, the charge does not expressly require that the killing be either unlawful or upon implied malice, or upon malice

at all.  This charge, applying the law to the facts, does not contain either the word "unlawful" or the expression "upon malice," or "malice aforethought" or "implied malice," still under the decisions this charge seems to be sufficient in that with the remaining portion of the quoted charge all the elements of murder in the second degree are charged. This seems to be borne out by Puryear v. State, 56 Texas Crim. Rep., 231, at 235, and Davis v. State, 57 Texas Crim. Rep., 545.  In the recent case of Roberts v. State, a charge on murder in the second degree was held vicious following Miles v. State in 18 Texas Crim. App., 156. The charge, however, in that case was different from the charge here given.  In that case the court charged the jury that malice will be implied from an unlawful killing, and then followed that charge in applying the law directly to the facts, omitting these limitations that are set out in the charge here given, towit: not under passion aroused by adequate cause, not in defense of himself against an unlawful attack reasonably producing a fear or expectation of death or serious bodily injury.  In the charge in the Roberts case, supra, applying the law to the facts, there was no limitation on murder in the second degree, so far as manslaughter was concerned, and the two charges there taken together, first, where the court instructed the jury that malice will be implied from an unlawful killing, and in the second application, omitting manslaughter from it, that charge was held to be error.  Under the authorities cited it would seem this charge is not of sufficient erroneous importance to require a reversal of the judgment, especially in the absence of a statement of facts.  Without the statement of facts before us, we are unable to say that murder in the second degree was even in the case, and any charge upon it may have been beneficial to appellant.

The charge on self-defense is also attacked inasmuch as the jury was instructed that they might look to the relative strength of the parties and of defendant's knowledge of the character and disposition of the party making or about to make an attack which reasonably produced a fear or expectation of death or serious bodily injury.  In the absence of a statement of facts this charge may have been applicable to the evidence and directly called for by the facts; at least there is nothing, as the record is before us, to justify us in holding it reversible.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied October 22, 1913.—Reporter.]